McGREGOR W. SCOTT
United States Attorney
YOSHINORI H. T. HIMEL #66194
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2760

Attorneys for Petitioners
UNITED STATES OF AMERICA and RO DAVID PALMER

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA and DAVID PALMER, Revenue Officer, Internal Revenue Service, | 2:06-mc-00106-MCE-GGH |
|---|---|
| Petitioners, | **MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS RE: I.R.S. SUMMONS ENFORCEMENT** |
| v. | Taxpayer: Lawrence Ing, Jr., dba David Linn Resources |
| LAWRENCE ING, JR., dba DAVID LINN RESOURCES, | |
| Respondent. | |

This matter came before me on November 30, 2006, under the Order to Show Cause filed October 31, 2006, which, with the verified petition and exhibits, was served at respondent's residence on November 14, 2006. Yoshinori H. T. Himel appeared for petitioners, and petitioning Revenue Officer David Palmer was present. Respondent neither filed opposition nor appeared at the hearing.

The Verified Petition to Enforce Internal Revenue Service Summons initiating this proceeding seeks to enforce an administrative summons (Exhibit A to the Petition) in aid of Revenue Officer petitioner David Palmer's investigation to determine respondent's tax liabilities for employer quarterly payroll taxes (form 941) and for employer annual unemployment taxes (form 940) for years 2000-02. Subject matter jurisdiction is invoked

1

under 28 U.S.C. §§ 1340 and 1345, and is found to be proper.  Authorization for the action is under I.R.C. §§ 7402(b) and 7604(a).  The Order to Show Cause shifted to respondent the burden of rebutting any of the four requirements of United States v. Powell, 379 U.S. 48, 57-58 (1964).

I have reviewed the petition and documents in support.  Based on the uncontroverted verification of Revenue Officer Palmer and the entire record, I make the following findings:

(1)  The summons issued by Revenue Officer David Palmer to respondent Lawrence Ing, Jr., dba David Linn Resources, on March 15, 2006, seeking testimony and production of documents and records in respondent's possession, was in good faith and for a legitimate purpose under I.R.C. § 7602, that is, to determine the employment tax liabilities of Lawrence Ing, Jr., dba David Linn Resources, for the years 2000-02.

(2)  The information sought is relevant to that purpose.

(3)  The information sought is not already in the possession of the Internal Revenue Service.

(4)  The administrative steps required by the Internal Revenue Code have been followed.

(5)  There is no evidence of referral of this case by the Internal Revenue Service to the Department of Justice for criminal prosecution.

(6)  The verified petition and its exhibits made a prima facie showing of satisfaction of the requirements of United States v. Powell, 379 U.S. 48, 57-58 (1964).

(7)  The burden shifted to respondent, Lawrence Ing, Jr., to rebut that prima facie showing.

(8)  It appears that both respondent and his spouse refused to respond to the server at their residence to accept service on November 7, 8, 13 and 14, 2006.  On the first three occasions, both of the Ing vehicles were parked at the residence during part or all of the server's visit.  Once, Mr. Ing was observed driving up to the residence, parked in back, but apparently thought better of it and immediately drove away.  Once, Ms. Ing ignored the server's knocking at the Ings' gate while watching the server through a window.  Finally, on

November 14, 2006, respondent and his spouse again did not respond to their doorbell but the process was removed after the server fastened it to the storm door.  A copy was mailed to respondent as well.  Respondent had actual notice of the petition and of the Order to Show Cause hearing held on November 30, 2006.

(9)  The Order to Show Cause and the Verified Petition and its Exhibits were placed as near as possible to respondent by being fastened to his door in his or his spouse's presence on November 14, 2006.  Process therefore was sufficiently served under Fed. R. Civ. P. 4.  See Ali v. Mid-Atl. Settlement Servs., Inc., 233 F.R.D. 32, 36 (D.D.C. 2006) ("When a person refuses to accept service, service may be effected by leaving the papers at a location, such as on a table or on the floor, near that person," quoting Novak v. World Bank, 703 F.2d 1305, 1310 n.14 (D.C. Cir. 1983)).

(10)  Furthermore, the Court may apply Fed. R. Civ. P. 4 liberally under Fed. R. Civ. P. 81(a)(3).  Between November 7 and November 13, 2006, respondent and his spouse had numerous opportunities to accept service at their residence but sought to frustrate, refuse and evade service.  "Good faith efforts at service are effective particularly where the defendant has engaged in evasion, deception, or trickery to avoid being served." Ali, 233 F.R.D. at 35-36 (internal citations omitted).  Under the documented circumstances, after respondent's demonstrated evasion of process, fastening the process to respondent's door was sufficient service.

(11)  As a result of the process service at respondent's residence within this district, the Court acquired personal jurisdiction of respondent.

(12)  Despite sufficient service and actual notice, respondent failed to file written response, failed to appear at the hearing and did nothing to rebut the prima facie showing.

It is therefore the recommendation of the Magistrate Judge that the IRS summons issued to respondent, Lawrence Ing, Jr., dba David Linn Resources, be enforced, and that respondent be ordered to appear at the I.R.S. offices at 4330 Watt Avenue, Sacramento, California, 95821, before Revenue Officer David Palmer or his designated representative, on the twenty-first day after the filing date of the summons enforcement order, or at a later date

1  and time to be set in writing by the Revenue Officer, then and there to be sworn, to give
2  testimony, and to produce for examining and copying the books, checks, records, papers and
3  other data demanded by the summons, the examination to continue from day to day until
4  completed.
5       These findings and recommendation are submitted to the assigned United States
6  District Judge under 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72-304 of the Local Rules of
7  the United States District Court for the Eastern District of California.  Within ten (10) days
8  after being served with these findings and recommendations, any party may file written
9  objections with the court and serve a copy on all parties.  Such a document should be titled
10 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
11 objections shall be served and filed within ten (10) days after service of the objections.  The
12 District Judge will then review these findings and recommendations pursuant to 28 U.S.C.
13 § 636(b)(1).  The parties are advised that failure to file objections within the specified time
14 may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
15 Cir. 1991).

17 DATED: 12/5/06                    /s/ Gregory G. Hollows
18                                   UNITED STATES MAGISTRATE JUDGE

19
20 ing.fr